UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEFINA PACUMIO,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | Case No. 20-cv-00251-JCS<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 6 |

## I.   INTRODUCTION

Plaintiff Josefina Pacumio brought this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Clear Recon Corp. ("Clear Recon"), and Catamount Properties 2018, LLC ("Catamount") in the California Superior Court for the County of San Francisco, where it was assigned case number CGC-119-580703, challenging a foreclosure sale of property that Pacumio owned. After Pacumio voluntarily dismissed her claims against Catamount, Wells Fargo removed to this Court, asserting diversity jurisdiction on the basis that Clear Recon is fraudulently joined as a defendant. The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for March 13, 2020. For the reasons discussed below, Pacumio's motion to remand is GRANTED.[1] Lacking jurisdiction, the Court does not reach Wells Fargo's motion to dismiss.

## II.  ANALYSIS

### A.   Legal Standard for Remand

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if

---

[1] The parties have consented to the undersigned magistrate judge presiding over the case for all purposes pursuant to 28 U.S.C. § 636(c).

the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### B. Legal Standard for Diversity Jurisdiction and Fraudulent Joinder

Wells Fargo asserts that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In relevant part, that statute provides federal courts with jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" that are between "citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction under § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

There is no dispute here that the parties named in the Pacumio's Complaint do not meet that requirement because Clear Recon, like Pacumio, is a citizen of California. Wells Fargo argues instead that Clear Recon, as trustee under a deed of trust, is a mere nominal defendant irrelevant for diversity, and is fraudulently joined. *See* Notice of Removal (dkt. 1) at 4–8.

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "The term 'fraudulent joinder' is a term of art, used for removal purposes, and does not connote any intent to deceive on the part of plaintiff or his counsel." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 n.2 (N.D. Cal. 2001).

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Just as there is a

2

presumption against removal, there is a "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). When analyzing the issue of fraudulent joinder, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Krivanek v. Huntsworth Grp. LLC*, No. 15-CV-02466-HSG, 2015 WL 5258788, at *2 (N.D. Cal. Sept. 9, 2015) (citation and internal quotation marks omitted). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent," and the Ninth Circuit has "emphasized . . . that a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *GranCare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046) (emphasis and final alteration added in *GranCare*). Accordingly, the Court must grant the motion "unless the defendant shows that the plaintiff would not be afforded leave to amend [the] complaint to cure [the] purported deficiency." *Rieger v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23, 2013) (second alteration in original) (citation and internal quotation marks omitted); *see also Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (stating that remand is proper where "there is a non-fanciful possibility that plaintiff can state a claim").

      The existence of federal jurisdiction is generally determined from the plaintiff's pleadings. *See Ritchey*, 139 F.3d at 1318. On the issue of fraudulent joinder, however, a defendant is "entitled to present the facts showing the joinder to be fraudulent." *Morris*, 236 F.3d at 1067. If factual issues are in dispute, the Court must resolve "all disputed questions of fact . . . in the plaintiff's favor." *Hornby v. Integrated Project Mgmt., Inc.*, No. C 14-04331 LB, 2014 WL 7275179, at *5 (N.D. Cal. Dec. 22, 2014) (citing *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989)). While courts usually may not decide the merits of an affirmative defense to determine whether a defendant is fraudulently joined, courts may consider procedural bars such as statutes of limitation. *Hunter*, 582 F.3d at 1045 (citing *Ritchey*, 139 F.3d at 1319).

United States District Court
Northern District of California

**C.     Wells Fargo Has Not Establish Fraudulent Joinder**

In cases not cited by either party, this Court has consistently remanded cases asserting fraudulent joinder under similar circumstances. This Court's analysis in *Rankankan v. JP Morgan Chase Bank, N.A.*, is instructive:

> District courts have repeatedly held that mere failure to state a claim is not sufficient to establish fraudulent joinder if a plaintiff would be entitled to leave to amend to cure any deficiency. *See, e.g.*, *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *3 (N.D. Cal. Apr. 1, 2013); *Rieger*, 2013 WL 1748045, at *3; *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); *Burris v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *1 (N.D. Cal. July 19, 2006). This standard gives effect to the established "presumption against fraudulent joinder," *Hunter*, 582 F.3d at 1046 (citation omitted), and the rule that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court," *Matheson*, 319 F.3d at 1090. So long as Rankankan *might* be able to amend to state a viable claim against [trustee] MTC, this Court's jurisdiction is in doubt, while the California Superior Court's jurisdiction over the case is unquestionable. Further, while this Court has some authority under the fraudulent joinder doctrine to determine whether Rankankan has "obvious[ly]" failed to state a claim against MTC, *see Morris*, 236 F.3d at 1067, reviewing multiple rounds of amended pleadings to parse the sufficiency of those claims would cross the line from merely conducting that threshold inquiry to instead presiding over a dispute under state law between two California citizens, which would fall outside the scope of § 1332's grant of jurisdiction.

*Rankankan v. JP Morgan Chase Bank, N.A.*, No. 16-cv-01694-JCS, 2016 WL 3411522, at *5 (N.D. Cal. June 22, 2016) (alterations within internal quotations in original); *see also Tuttle v. Wells Fargo Bank, N.A.*, No. 18-cv-01544-JCS, 2018 WL 2412289, at *4 (N.D. Cal. May 29, 2018) (quoting and following *Rankankan*).

The California Homeowner Bill of Rights (the "HBOR") specifically allows claims against trustees involved with non-judicial foreclosure sales under certain circumstances. *See, e.g.*, Cal. Civ. Code § 2924.12. Most, although not all, of the cases that Wells Fargo cites for disregarding foreclosure trustees as defendants predate the HBOR's enactment in 2013. *See, e.g.*, *Sherman v. Wells Fargo Bank, N.A.*, No. CIV S-11-0054 KJM EFB, 2011 U.S. Dist. LEXIS 51641 (E.D. Cal. May 12, 2011); *Nong v. Wells Fargo Bank, N.A.*, No. SACV 10-1538 JVS (MLGx), 2010 U.S. Dist. LEXIS 131890 (C.D. Cal. Nov. 22, 2010); *Cabriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 U.S. Dist. LEXIS 24726 (N.D. Cal. Mar. 2, 2010); *Swanson v. EMC Mortg. Corp.*, No.

4

CV F 09-1507 LJO DLB, 2009 U.S. Dist. LEXIS 122216 (E.D. Cal. Dec. 9, 2009); *Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579 (2009). Assuming for the sake of argument that Pacumio's original complaint in state court and first amended complaint after removal do not sufficiently state claims against Clear Recon—which, the Court notes, answered Pacumio's original complaint rather than filing a demurrer or motion to dismiss, *see* Answer (dkt. 8)[2]—Pacumio would be entitled to leave to amend to attempt to cure any such deficiency. The same is true if the Court were to determine that Pacumio's present complaint does not allege "malice" sufficiently to overcome a trustee's qualified privilege. *Cf.* Opp'n (dkt. 17) at 10–11. As discussed in *Rankankan* and *Tuttle*, presiding over such amendments and successive motions to determine their sufficiency "would cross the line from merely conducting [the] threshold inquiry [permitted to determine jurisdiction] to instead presiding over a dispute under state law between two California citizens, which would fall outside the scope of § 1332's grant of jurisdiction." *Rankankan*, 2016 WL 3411522, at *5. Accordingly, Wells Fargo has not established that Clear Recon is fraudulently joined, and Pacumio's motion to remand is GRANTED.

### D. The Court Declines to Award Attorneys' Fees

If a case is improperly removed, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of attorneys' fees may be appropriate where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005).

The reasonableness of Wells Fargo's removal in this case is a close question given Wells Fargo's failure to address meaningfully the demanding standard for establishing fraudulent joinder, as well as the numerous district court decisions remanding cases under similar circumstances. That is particularly true in light of the fact that one of Wells Fargo's attorneys in

---

[2] Although Clear Recon filed a declaration of non-monetary status in state court before removal, Pacumio objected to that declaration pursuant to section 2924*l*(c) of the California Civil Code, thus requiring Clear Recon's continued participation in the case pursuant to section 2924*l*(e). *See* Notice of Removal Ex. B at 63–71.

this action, Robert Bailey, also represented Wells Fargo in the *Tuttle* case, which this Court remanded for substantially the same reasons as here. On the other hand, while this Court respectfully disagrees with its reasoning, at least one court has found fraudulent joinder under analogous circumstances. *See Ogamba v. Wells Fargo Bank, N.A.*, No. 2:17-cv-01754-KJM-AC, 2017 WL 4251124, at *3 (E.D. Cal. Sept. 26, 2017). Moreover, the requirement of timely removal places Wells Fargo in a difficult situation, because had Wells Fargo waited for a final determination that Clear Recon is an improper or merely nominal defendant, a court that subscribed to *Ogamba*'s view of fraudulent joinder might hold that removal after such an adjudication, rather than when Wells Fargo first believed that Pacumio had no claim against Clear Recon, was untimely. *Cf.* Reply (dkt. 19) at 1–5 (arguing that Wells Fargo's removal is untimely because, according to Pacumio, there is a *possibility* that Catamount was not a citizen of California for diversity purposes, and Wells Fargo therefore should have removed before Catamount was dismissed).

The Court therefore concludes that Wells Fargo's removal was not so unreasonable as to warrant a sanction of attorneys' fees, and DENIES Pacumio's request.

## III. CONCLUSION

For the reasons discussed above, Pacumio's motion to remand is GRANTED. The Clerk is instructed to remand the case to the California Superior Court for the County of San Francisco, and to close the file in this Court.

**IT IS SO ORDERED.**

Dated: February 24, 2020

JOSEPH C. SPERO
Chief Magistrate Judge